JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-07707-JVS<br>Bknrptcy No: 2:12bk48076 BR<br>Advrsry No: 2:12ap01068 BR | Date | July 22, 2014 |
| Title | In Re: Marc Lee Bass<br>Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Appellant: | Attorneys Present for Appellee: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Reversing Judgment and Remanding Case

Defendant-Appellant Marc Lee Bass ("Bass") appeals a decision of the Bankruptcy Court granting summary judgment to Plaintiff-Appellee Beacon Talent Agency, Inc ("Beacon") and ruling certain debts owed by Bass to be nondischargeable. Both parties have submitted their opening briefs and Bass has submitted his reply. (Docket Nos. 18, 20, 21.) In addition, both parties have filed supplemental briefs at the Court's invitation, discussing cases Beacon cited for the first time at the hearing on this matter. (Docket Nos. 26, 27.)

For the following reasons, the Court REVERSES the judgment of the Bankruptcy Court and REMANDS the case for trial on the issue of whether Bass's debt is subject to discharge.

I.     **Background**

This case arises out of a state court default judgment against Bass and in favor of Beacon, finding Bass liable for conversion, breach of fiduciary duty, accounting, and common count. Bass is the Debtor in an underlying chapter 7 bankruptcy case, and the Defendant in an adversary proceeding challenging the discharge of Bass's judgment debt. The relevant factual and procedural background is as follows.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07707-JVS<br>Bknrptcy No: 2:12bk48076 BR<br>Advrsry No: 2:12ap01068 BR | Date | July 22, 2014 |
|---|---|---|---|
| Title | In Re: Marc Lee Bass<br>Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

A. The State Court Action

On June 25, 2008, Beacon initiated an action in Los Angeles County Superior Court against Bass, one of Beacon's former officers, alleging seventeen causes of action related to Bass's alleged misappropriation of commissions and compensation owed to Beacon, a talent agency, and its clients. (Compl., ER,[1] Ex. 9c at 199–227.) Bass filed a Demurrer, which was sustained with leave for Beacon to amend. (Beacon's Statement of Uncontroverted Facts ("SUF"), AR,[2] Ex. 34 at 185.) The Demurrer observed that Beacon was seeking in excess of $270,000 in damages in its action. (Demurrer, ER, Ex. 9c at 253.) Beacon filed a First Amended Complaint ("FAC"), alleging conversion, breach of fiduciary duty, accounting, and common count. (FAC, ER, Ex. 9c at 265–73.) The crux of Beacon's claims was that Bass took checks made payable to Beacon's clients, which were earmarked for Beacon's trust account, deposited them into Beacons's operating account, and then withdrew cash from that account, to which he was not entitled, for his own purposes. Bass filed his Answer to the FAC on November 6, 2008. (Answer, ER, Ex. 9c at 275–79.) At the same time, Bass filed a Cross-Complaint, alleging several actions, including slander, against Beacon. (SUF, AR, Ex. 34 at 186.) Bass's Cross-Complaint alleged in its slander per se claim that Beacon had wrongfully accused Bass of embezzling client funds and converting the money, "in excess of $270,000," to Bass's own benefit. (Cross-Complaint, ER, Ex. 9c at 283.) As a result of Bass's failure to comply with multiple discovery orders, on July 30, 2009, the state court granted Beacon's motion for terminating sanctions, striking Bass's Answer. (SUF, AR, Ex. 34 at 188–89.)

On August 7, 2009, default was entered against Bass. (Id. at 189.) On September 18, 2009, Beacon served Bass with both a Request for Court Judgment and a Statement Regarding Punitive Damages pursuant to Cal. Code of Civ. P. § 425.115 setting forth the outer limit of damages sought. (Appellee's Request for Judicial Notice ("RJN"), Exs. 1, 2, Docket No. 20.) On October 8, 2009, the Superior Court entered judgment against Bass on all counts of the FAC. (SUF, AR, Ex. 34 at 189; Default Judgment, ER, Ex. 9c at

---

[1] "ER" refers to Appellant's Excerpt of Record.

[2] "AR" refers to Appellee's Excerpt of Record.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-07707-JVS<br>Bknrptcy No: 2:12bk48076 BR<br>Advrsry No: 2:12ap01068 BR | Date | July 22, 2014 |
| Title | In Re: Marc Lee Bass<br>Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

327–31.) The Superior Court found that Bass was liable for conversion, breach of fiduciary duty, accounting, and common count, and also awarded punitive damages. (Id.) The Superior Court awarded Beacon monetary damages in the amount of $536,485.26, consisting of $251,410.48 in principal, prejudgment interest of $31,340.40, costs of $2,323.90, and $251,410.48 in punitive damages. (Default Judgment, ER, Ex. 9c at 327–31.) Bass did not appeal the default judgment, and it is final. (SUF, AR, Ex. 34 at 189.) Over the next three years, Beacon attempted without success to enforce the judgment, culminating in the issuance of an order to show cause regarding sanctions and setting a hearing for November 15, 2012. (Id. at 190–91.)

  B. The Chapter 7 Bankruptcy and Adversary Proceeding

  At the November 15, 2012 hearing, Bass stated that he had filed the chapter 7 bankruptcy petition underlying the present matter. (Id. at 191.)

  On January 22, 2013, Beacon filed the Adversary Complaint in the adversary proceeding, seeking to have judgment entered against Bass with a determination that Bass's debt was nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), specifically referencing the Default Judgment, including the causes of action for conversion and breach of fiduciary duty. (Adversary Complaint, ER, Ex. 9c at 135–49.) Bass filed his Answer to the Adversary Complaint on February 25, 2013. (Adversary Answer, ER, Ex. 9c at 358–65.) Beacon sought summary judgment, which Bass opposed. (Motion for Summ. J., ER, Ex. 9a at 102–26; Opp'n, ER, Ex. 11 at 388–402.) The Motion argued that Bass was barred by the doctrines of res judicata and collateral estoppel from denying the allegations underlying the judgments for conversion and breach of fiduciary duty, and that therefore the debt was nondischargeable under § 523(a). (Motion for Summ. J., ER, Ex 9a at 102–26.) The Bankruptcy Court granted the Motion under §§ 523(a)(4) and 523(a)(6), finding that by virtue of the Default Judgment, Bass's debt was nondischargeable and entered judgment against Bass in the amount of $747, 102.60 plus costs and interest. (Order Granting Summ. J., ER, Ex. 2 at 9–12.)

  Bass appeals from that order. The present appeal concerns whether the Bankruptcy Court erred in granting Beacon's Motion for Summary Judgment, and specifically

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-07707-JVS<br>Bknrptcy No: 2:12bk48076 BR<br>Advrsry No: 2:12ap01068 BR | Date | July 22, 2014 |
| Title | In Re: Marc Lee Bass<br>Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

whether the Bankruptcy Court properly applied the doctrines of res judicata and collateral estoppel in using the Default Judgment as a basis for finding against Bass.

## II.     Legal Standard

This Court has jurisdiction to consider this bankruptcy appeal under 28 U.S.C. § 158(a). Federal Rule of Bankruptcy Procedure 8013 provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

The Court reviews the Bankruptcy Court's decision to grant summary judgment de novo. Boyajian v. New Falls Corp. (In re Boyajian), 564 F.3d 1088, 1090 (9th Cir. 2009). Viewing the evidence in the light most favorable to the nonmoving party, the Court must determine whether the Bankruptcy Court correctly found that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Jesinger v. Nev. Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).

This Court reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard and conclusions of law de novo. Id.; Lundell v. Anchor Const. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000). The Bankruptcy Court's determination regarding the availability of issue preclusion is reviewed de novo. Lopez v. Emerg. Serv. Restoration, Inc. (In re Lopez), 367 B.R. 99, 103 (B.A.P. 9th Cir. 2007). Once it is established that issue preclusion is available, the Court reviews the Bankruptcy Court's decision to apply for abuse of discretion. Id. A finding whether a requisite element of a § 523(a) claim is present is a factual determination reviewed for clear error. See Pedrazzini v. Runnion (In re Pedrazzini), 644 F.2d 756, 757 (9th Cir. 1981.)

## III.     Discussion

As discussed more fully below, the Court finds that neither the allegations in the FAC nor the Superior Court's decision to award punitive damages had preclusive effect before the Bankruptcy Court. Because only the claims for which Bass was found liable by

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07707-JVS<br>Bknrptcy No: 2:12bk48076 BR<br>Advrsry No: 2:12ap01068 BR | Date | July 22, 2014 |
|---|---|---|---|
| Title | In Re: Marc Lee Bass<br>Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

the Superior Court and those allegations necessary to sustain them had preclusive effect, and because the claims themselves are not automatically nondischargeable, this matter must be remanded for trial.

    A.    <u>Nondischargeability</u>[3]

Under 11 U.S.C. § 523(a)(4), discharge is not available for debts "for fraud or defalcation in a fiduciary capacity, embezzlement, or larceny . . . ." Similarly, a debt is nondischargeable if it is a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." <u>Id.</u> § 523(a)(6).

As to § 523(a)(4), "defalcation in a fiduciary capacity" requires that: (1) an express trust have existed; (2) the debt was caused by fraud or defalcation; and (3) that the debtor owe a fiduciary to the creditor at the time the debt was created. <u>Nahman v. Jacks (In re Jacks)</u>, 266. B.R. 728, 735 (B.A.P. 9th Cir. 2001) (citation omitted). Whether a fiduciary relationship existed under § 523(a)(4) is a question of federal law and the relationship is drawn considerably more narrowly than under the California standard. <u>Cal-Micro, Inc. v. Cantrell (In re Cantrell)</u>, 329 F.3d 1119, 1125 (9th Cir. 2003). A finding of liability for breach of fiduciary duty thus does not necessarily determine if a debtor has committed fraud as a fiduciary for purposes of § 523(a)(4) and judgments for breach of fiduciary duty are not necessarily nondischargeable. <u>See id.</u>

Nor does the finding of liability for conversion mean that the debt is nondischargeable as an act of embezzlement or larceny. Embezzlement within the meaning of § 523(a)(4) requires the following elements: (1) property rightfully in the possession of the nonowner debtor; (2) the nonowner's misappropriation of the property to a use other than that for which it was entrusted; and (3) circumstances indicating fraud. <u>Transamerica Commercial Finance Corp. v. Littleton (In re Littleton)</u>, 942 F.2d 551, 555

---

[3] The following presumes a proposition that will be supported more fully below and that both parties agree on: at a minimum, a default judgment is preclusive as to those allegations necessary to sustain the finding of liability under state law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-07707-JVS<br>Bknrptcy No: 2:12bk48076 BR<br>Advrsry No: 2:12ap01068 BR | Date | July 22, 2014 |
| Title | In Re: Marc Lee Bass<br>Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

(9th Cir. 1991). Some degree of intent, or at least substantial certainty that financial harm will result from the act, is required. Id. But conversion under California law requires only that "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and (3) damages." Kasdan, Simonds, McIntyre, Epstein & Martin v. World Sav. & Loan Ass'n (In re Emery), 317 F.3d 1064, 1069 (9th Cir. 2003). Conversion under California law does not therefore require the intent necessary to rise to the level of either embezzlement or larceny for purposes of § 523(a)(4). Burlington Indus., Inc. v. Wilson (In re Wilson), 114 B.R. 249, 252 (Bankr. E.D. Cal. 1990). It is clear that absent anything else, a judgment for conversion under California law does not necessarily exempt a debt from discharge. Peklar v. Ikerd (In re Peklar), 260 F.3d 1035, 1039 (9th Cir. 2001).

Bass also argues, and Beacon appears to concede, that absent any other preclusive effect, findings of liability for conversion and breach of fiduciary duty do not necessarily rise to the level of willful and malicious injury under § 523(a)(6). Only acts done with a deliberate attempt to cause injury constitute willful and malicious injury within the meaning of section 523(a)(6). Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). The willful prong is satisfied if a debtor intended to cause the injury that occurred. Id. at 61–64. The malicious prong is satisfied if a creditor can prove that the debtor's tortious act was "(1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) is done without just cause." Ormsby v. First Am. Title Co. (In re Ormsby), 591 F.3d 1199, 1207 (9th Cir. 2010) (internal quotation marks and citation omitted). As is clear in light of the discussion above, those two prongs cannot be met merely by a finding of liability for conversion or breach of fiduciary duty.[4]

Therefore if the preclusive effect of the Default Judgment is confined only to those allegations absolutely necessary to sustain the claims for which liability was found, the parties do not dispute that summary judgment is inappropriate. Beacon offers two

---

[4] It is clear from the record that the findings of liability for accounting and common count were not pressed as bases for nondischargeability by Beacon, were not relied upon by the Bankruptcy Court, and are not exempt from discharge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-07707-JVS<br>Bknrptcy No: 2:12bk48076 BR<br>Advrsry No: 2:12ap01068 BR | Date | July 22, 2014 |
| Title | In Re: Marc Lee Bass<br>Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

answers. First, Beacon argues that under California law, default judgments also preclusively establish the truth of the allegations in the pleading underlying the judgment. Second, Beacon argues that the award of punitive damages necessarily provides those elements necessary for nondischargeability under §§ 523(a)(4) and 523(a)(6). The Court addresses both arguments in turn.

    B.    <u>Collateral Estoppel</u>

Though in general California law dictates that a default judgment is preclusive as to allegations in the underlying pleadings and of all facts necessary to uphold the judgment, the Court determines that this general rule does not apply in the present matter.

The law of the state in which a judgment was entered determines the preclusive effect to be applied. <u>Kremer v. Chem. Constr. Corp.</u>, 456 U.S. 461, 480–82 (1982). Under California law, collateral estoppel only applies if certain threshold requirements are met:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

<u>Harmon v. Kobrin (In re Harmon)</u>, 250 F.3d 1240, 1245 (9th Cir. 2001) (citation omitted). In addition, in the case of default judgments, California law imposes a notice requirement such that the defendant against whom the default judgment was imposed must have had actual notice of the litigation or been personally served with a summons. <u>Id.</u> at 1247.

Here, the essential question regards what was "actually litigated" or "necessarily decided." Beacon invokes the general rule in California that a default judgment "conclusively establishes, between the parties so far as subsequent proceedings on a

Case 2:13-cv-07707-JVS Document 29 Filed 07/22/14 Page 8 of 14 Page ID #:968

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07707-JVS | Date | July 22, 2014 |
|---|---|---|---|
| | Bknrptcy No: 2:12bk48076 BR | | |
| | Advrsry No: 2:12ap01068 BR | | |

| Title | In Re: Marc Lee Bass |
|---|---|
| | Marc Lee Bass v. Beacon Talent Agency, Inc. |

different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment . . . ." Gottlieb v. Kest, 141 Cal. App. 4th 110, 149 (2006) (citations omitted). However, as relevant authorities make clear, that general rule is subject to certain limitations. Notably, California courts have "limited the principle that a defaulting defendant 'is presumed to admit all the facts which are well pleaded in the complaint' by allowing an issue to have preclusive effect 'only where the record shows an express finding upon the allegation' for which preclusion is sought." Harmon, 250 F.3d at 1247 (quoting Williams v. Williams (In re Williams' Estate), 36 Cal. 2d 289, 294, 297 (1950)). In Harmon, the court did not deem the allegations underlying a prior default judgment preclusive because the default judgment contained no express findings of anything. Id. at 1247–48. It distinguished the case from another in which the allegations in the complaint were preclusive because the court granting default judgment found that "all the allegations of the complaint are true, and that they are sustained by testimony free from all legal exceptions." Id. (internal quotation marks and citation omitted).

Not only have other federal courts addressing this issue recognized the need for allegations in a pleading to have been either expressly found or necessary to sustain the default judgment for them to have preclusive effect, see, e.g., Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1124 (9th Cir. 2003); Phan v. Phan (In re Phan), 2014 WL 705298, at *7 (B.A.P. 9th Cir. Feb. 24, 2014) (reversing bankruptcy court's application of collateral estoppel), but so does the very authority Beacon cites. Before noting that allegations in the complaint in the default judgment are preclusive, Gottlieb states explicitly that California "accords collateral estoppel effect to default judgments, at least where the judgment contains an express finding on the allegations." 141 Cal. App. 4th at 149.

In this case, the Default Judgment contained virtually no findings at all. The Default Judgment stated only that:

> the Court finds in favor of BEACON TALENT AGENCY, INC., a
> California corporation, fka MARC BASS AGENCY, INC., a California
> corporation on the conversion, breach of fiduciary duty, accounting, and

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-07707-JVS<br>Bknrptcy No: 2:12bk48076 BR<br>Advrsry No: 2:12ap01068 BR | Date | July 22, 2014 |
| Title | In Re: Marc Lee Bass<br>Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

common count (money had and received) causes of action."

(Default Judgment, ER, Ex. 9c at 327–331.) There is not even a statement that the Court finds that the allegations in the FAC are true, much less any specific findings. Therefore only those allegations in the FAC necessary to support the claims have preclusive effect. Thus any allegations that suggest Bass's intent to harm Beacon or that suggest fraud are not preclusively established and it was error for the Bankruptcy Court to award summary judgment on the issue of nondischargeability. More is needed to sustain a ruling that the requirements of either § 523(a)(4) or § 523(a)(6) were established as a matter of law.

    C.    <u>The Punitive Damages Award</u>

Beacon argues that the award of punitive damages, either alone or in conjunction with the allegations in the FAC, establishes the nondischargeability of Bass's debt.[5] As discussed above, the latter argument is of no avail. As to the former, the award of punitive damages in the underlying state action was void and is subject to collateral attack. It is therefore inappropriate to accord it any preclusive effect.

Bass argues that the punitive damages aspect of the Default Judgment is void

---

[5] Under California law, a plaintiff may recover punitive damages "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." Cal. Civ. Code § 3294(a). If punitive damages were awarded on the basis of fraud, that would add the required intent to the conversion claim such that Bass would necessarily have been found to have committed embezzlement within the meaning of § 523(a)(4). Punitive damage awards based on oppression or malice "can only properly be made in response to wrongful acts that would, by definition, also violate 11 U.S.C. § 523(a)(6)." <u>Krishnamurthy v. Nimmagadda (In re Krishnamurthy)</u>, 209 B.R. 714, 721-22 (B.A.P. 9th Cir. 1997), <u>aff'd</u>, 125 F.3d 858 (9th Cir. 1997) (internal quotation marks and citation omitted). Thus, the argument appears to run, the state court's award of punitive damages was necessarily supported by findings sufficient to exempt Bass's debt from discharge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07707-JVS | Date | July 22, 2014 |
|---|---|---|---|
| | Bknrptcy No: 2:12bk48076 BR | | |
| | Advrsry No: 2:12ap01068 BR | | |
| Title | In Re: Marc Lee Bass | | |
| | Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

because the statement of punitive damages was not timely served under Cal. Code. Civ. P. § 425.115(f). "Legally, the position has merit; a judgment in excess of properly claimed damages is void, and subject to collateral attack." Fleming v. Warn (In re Warn), 258 B.R. 438, 440 (Bankr. N.D. Cal. 2001) (citing Nemeth v. Trumbull, 220 Cal. App. 2d 788, 792 (1963)) (discussing violation of a related provision of the Cal. Code Civ. P.).

Beacon cites authority holding that a federal court lacks the power to ignore the judgment of a state court, even where that court lacked jurisdiction, so long as the state court had considered and decided the issue of its own jurisdiction. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 250–51 (9th Cir. 1992). The Robinson court further held that a decision of a California state court had preclusive effect even when the decision was based on a contract that was facially void under federal law. Id. at 251–53. Beacon argues that, as in that case, the Court here lacks the authority to examine the validity of the punitive damages award. But Beacon misunderstands the Robinson court's reasoning. The Ninth Circuit determined that under the circumstances of that case, a California court would accord preclusive effect to the prior state court judgment. Id. at 251, 252–53.[6] It is California law that determines the preclusive effect of the Default Judgment in this case. See Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–82 (1982); Robinson, 971 F.2d at 250. And Beacon has offered no authority to rebut the clear language of numerous California cases stating that a default judgment granting relief that is beyond the court's power to award is void and entitled to no preclusive effect. See Ferraro v. Camarlinghi, 161 Cal. App. 4th 509, 538–39 (2008) (quoting Burtnett v. King, 33 Cal. 2d 805, 809 (1949)). If the punitive damages award was invalid—a question discussed below—the law requires this Court to accord that portion of the Default Judgment the same preclusive effect that a California

---

[6] Those circumstances are unique and are absent here. Robinson found that "even if a foreign court lacked jurisdiction to pronounce a judgment, a party will be barred from collaterally attacking a judgment entered by that court if the party appeared there, contested jurisdiciton, and lost." Robinson, 971 F.2d at 250 (citing Durfee v. Duke, 375 U.S. 106, 111–12 (1963)). In the state court here, there was no jurisdictional ruling. Moreover, a default can hardly be regarded as a "contested" proceeding on the merits.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07707-JVS<br>Bknrptcy No: 2:12bk48076 BR<br>Advrsry No: 2:12ap01068 BR | Date | July 22, 2014 |
|---|---|---|---|
| Title | In Re: Marc Lee Bass<br>Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

court would: none.

Although Beacon argues that service of its statement of punitive damages was proper, the authorities it cites are inapposite. See id. (applying due process analysis when dealing with form of service, not timeliness); see also Cal. Novelties, Inc. v. Sokoloff, 6 Cal. App. 4th 936, 945 (1992) (same). Indeed, Beacon's own authorities confirm the point that due process requires that notice be served prior to the entry of default, not the entry of default judgment. A California decision confirms that even service two days prior to the entry of default was insufficient notice for due process purposes. Matera v. McLeod, 145 Cal. App. 4th 44, 62 (2006) ("We conclude that two days before the entry of default was not a reasonable period of time to apprise the defendants of their substantial potential liability for purposes of due process. We therefore conclude that the default judgment is void and that the defaults must be vacated.").[7]

California courts have recognized that there may be other means to provide sufficient notice of damages claims in default judgment matters to satisfy due process, at least in actions for accounting. See Los Defensores, Inc. v. Gomez, 223 Cal. App. 4th 377, 400–02 (2014). But those means were not employed here. In Los Defensores, the California Court of Appeal held that a plaintiff had provided sufficient predefault notice of its compensatory damages claim by stating in its motion seeking discovery sanctions that the defendants' failure to comply with their discovery obligations made it impossible to determine the damages in the accounting claim and asking the court to deem the damages a particular amount. Id. at 401. Beacon argues that Bass's statement in his

---

[7] Matera also provides an answer to any argument Beacon may raise about Cal. Code. Civ. P. § 425.115(c)'s note that "[i]f the plaintiff seeks punitive damages pursuant to Section 3294 of the Civil Code, and if the defendant appears in the action, the plaintiff shall not be limited to the amount set forth in the statement served on the defendant pursuant to this section." In Matera itself, the defendants in the prior action had actually appeared and filed an answer, which was stricken by the court as a sanction prior to the entry of default, just as in this case, and still the notice was deemed insufficient. See Matera, 145 Cal. App. 4th at 50–52.

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07707-JVS<br>Bknrptcy No: 2:12bk48076 BR<br>Advrsry No: 2:12ap01068 BR | Date | July 22, 2014 |
|---|---|---|---|
| Title | In Re: Marc Lee Bass<br>Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

Demurrer and Cross-Complaint in the state court action to the effect that Beacon sought more than $270,000 in damages and accused Bass of embezzling that amount was sufficient notice of the punitive damages amount being sough under Los Defensores. The Court is unpersuaded for several reasons. First, the Los Defensores analysis pertained to an accounting claim, where there is inherent uncertainty regarding the damages figure. Los Defensores, 223 Cal. App. 4th at 399. More important, Los Defensores involved a case where the plaintiff had "served a predefault notice of an amount due" in the form of the motion for discovery sanctions. Id. at 400. In this case, it was Bass's filings which contain the figure, rather than any pre-default filings concerning punitive damages that Beacon provided to Bass. Finally, and most critically, even if Bass's filings in the state court action evidenced some awareness of the amount of damages Beacon was seeking, absolutely nothing in the record indicates that Bass received pre-default notice regarding the amount of punitive damages sought. The $270,000 figure to which Bass referred in his state court filings is read most naturally to refer to the compensatory damages figure sought by Beacon.

The record is clear that default was entered on August 7, 2009. (SUF, AR, Ex. 34 at 189.) According to Beacon's own Request for Judicial Notice, the statement regarding punitive damages was not served until September 18, 2009. (RJN, Ex. 2.) Thus, because notice regarding the punitive damages sought was improper, the award of punitive damages in the Default Judgment is void and entitled to no preclusive effect. It should not have formed the basis for the grant of summary judgment below. Cf. Lake v. Capps (In re Lake), 202 B.R. 751, 758 (B.A.P. 9th Cir. 1996) (reversing summary judgment based on giving preclusive effect to default judgment allegedly obtained by extrinsic fraud, a ground for collateral attack upon a default judgment).

The Court notes that, while Beacon did not make the point in its brief, the issue of the punitive damages award's validity does not appear to have been raised before the Bankruptcy Court below, and is thus subject to the general rule that issues not raised before a court in the first instance are waived on appeal. However, when reviewing decisions of a bankruptcy court, a court may consider an issue raised for the first time on appeal "when the issue is one of law and either does not depend on the factual record, or the record has been fully developed." Father M. v. Various Tort Claimants (In re Roman

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07707-JVS<br>Bknrptcy No: 2:12bk48076 BR<br>Advrsry No: 2:12ap01068 BR | Date | July 22, 2014 |
|---|---|---|---|
| Title | In Re: Marc Lee Bass<br>Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

Catholic Archbishop of Portland in Or.), 661 F.3d 417, 428 n.6 (9th Cir. 2011) (internal quotation marks and citation omitted); see also Birdsell v. Peterson (In re Peterson), 437 B.R. 856, 865 (D. Ariz. 2010); Hussain v. Malik (In re Hussain), 508 B.R. 417, 422 (B.A.P. 9th Cir. 2014). That is precisely the situation here; there is no need to develop the record, as it is perfectly clear that the statement regarding punitive damages was only served after the entry of default, and the issue is purely one of law. Thus, the Court exercises its discretion in considering it. The Court concludes that the punitive damages award was invalid and thus subject to collateral attack. It has no preclusive effect. It cannot not therefore bolster the bare findings necessary to sustain the Default Judgment claims, rendering those claims, standing alone, an inappropriate basis on which to grant summary judgment on the issue of dischargeability.

Because the Bankruptcy Court erred when it found the doctrine of preclusion applicable to grant summary judgment in Beacon's favor, the decision below must be reversed.[8] The Bankruptcy Court must determine the extent to which Bass's debt is subject to discharge.

## IV. Conclusion

For the foregoing reasons, the judgment of the Bankruptcy Court is REVERSED and REMANDED for trial on the issue of the dischargeability of Bass's debt.

IT IS SO ORDERED.

---

[8] The Court also notes that the lack of express findings and disaggregated damages in the default judgment makes it impossible to know how much of the damages award, if any, was imposed for conduct excepted from discharge in bankruptcy. Even were the Court to hold that collateral estoppel was properly applied, remand would be necessary on the issue of damages.

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-07707-JVS<br>Bknrptcy No: 2:12bk48076 BR<br>Advrsry No: 2:12ap01068 BR | Date | July 22, 2014 |
| Title | In Re: Marc Lee Bass<br>Marc Lee Bass v. Beacon Talent Agency, Inc. | | |

0 : 00

Initials of Preparer   kjt